GEORGE M. ROGERS, respondent,

*v.*

JENNIE COLEBAUGH et al., appellants.

[Submitted March 24th, 1908. Decided June 15th, 1908.]

C. conveyed property to R. in 1896, at the same time giving C. the right to repurchase within ten years on paying a certain sum, fixed payments to be made at specified times. In 1900 R. reconveyed the property to C., subject to a mortgage held by W., payment of which C. assumed. In 1901 W. foreclosed the mortgage, R. buying at the sale, and thereafter deeding the property to Col., receiving as part payment a mortgage on the premises.—*Held*, in a suit to foreclose the latter mortgage, that evidence that after 1896 C. made large payments to R. on account of the purchase price was immaterial on the defence of fraud, and that R. was not entitled to the full amount of the mortgage, in the absence of evidence that the moneys so paid were not due as part of the purchase price for

367

the reconveyance in 1900; and likewise proof that R. neglected to pay W. interest on W.'s mortgage as it accrued was immaterial, in the absence of evidence of obligation to pay it.

On appeal of Annie Comly and Annie Comly, Jr., defendants, from a decree of the court of chancery.

*Mr. Spencer Simpson,* for the appellants.

*Mr. Ephraim Tomlinson* and *Mr. George Reynolds,* for the respondent.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case is filed to foreclose a mortgage given by the defendant Jennie Colebaugh, to the complainant on the 8th day of December, 1902, to secure the payment of $2,365. Annie Comly, and Annie Comly, Jr., were made parties defendant because they were in possession of the mortgaged premises, or some part thereof, and claimed to have some lien upon or interest in them. They filed an answer attacking the validity of the mortgage, and a cross-bill, in which they alleged that one Charles H. Comly was the owner of the mortgaged premises in 1896; that on the 14th day of March of that year the complainant induced him, by fraud and misrepresentation, to deed said premises to him for a stated consideration of $2,686, which was never, in fact, paid; that the complainant, in furtherance of his scheme to defraud Comly, at the same time entered into an agreement with him for the reconveyance to him of the mortgaged premises; that the complainant subsequently failed to pay the interest upon a certain mortgage which covered the premises, by reason whereof the mortgage was foreclosed, and the premises sold; that the complainant was the purchaser at this foreclosure sale; that Comly paid to him at various times, on account of the mortgaged premises, sums of money amounting to more than $1,200; that Comly died in 1905, leaving the defendants, his only heirs-at-law, and that they are now vested

with all his interest in the mortgaged premises, and entitled to assert against the complainant all rights which he (Comly) could have asserted had he lived. On these facts they asked such relief as the court should consider them entitled to. The complainant filed a replication denying the allegations of the answer, and of the cross-bill.

At the hearing before the vice-chancellor, the following case was made by the complainant: On April 7th, 1887, the property was owned by the complainant; on that day he and his wife conveyed it to Charles H. Comly for $3,365. The purchase-money was paid, in part, by a bond and mortgage for $2,365, made by Comly to Rogers, and payable in five years from date. On the 9th of March, 1889, Rogers assigned this bond and mortgage to Peter L. Voorhees, and on October 29th, 1896, Voorhees's executrix assigned the bond and mortgage to one Annie Wilson. Comly held the property from April 7th, 1887, to March 14th, 1896, and on the latter day reconveyed it to the plaintiff for an expressed consideration of $2,686. At the time of this reconveyance the complainant made an agreement with Comly in writing, by the terms of which Comly was given the right to repurchase the premises within ten years, provided he should pay the sum of $2,686, as follows: $100 in six months from date, $100 in one year from date and $150 at the end of every six months thereafter, with interest. On the 31st of May, 1900, the complainant and his wife reconveyed the property to Comly, subject to the lien of the $2,365 mortgage held by Annie Wilson, the payment of which was assumed by Comly. In July, 1901, Annie Wilson filed in the court of chancery a bill to foreclose her mortgage, and made Charles H. Comly, Annie Comly and Annie Comly, Jr., parties defendant thereto, the two females being made parties because they claimed some undisclosed interest in the premises. A decree *pro confesso* was taken against all of the defendants, and, afterward, a final decree went against them foreclosing all their rights in the premises. Upon sale made by the sheriff under the foreclosure proceedings the complainant purchased the premises. Subsequently, and on the 8th day of December, 1902, he sold them to the defendant Jennie Colebaugh, and received from

her, as part payment of the consideration money, the mortgage which is the subject of the present foreclosure suit. That mortgage is due, and is entirely unpaid.

At the close of the complainant's case the defendants Annie Comly and Annie Comly, Jr., offered to prove that

"Charles H. Comly, prior to and subsequent to the agreement of March 14th, 1896, made large payments to Rogers on account of the purchase-price of the premises in question; that he died in 1905; that they, since April, 1887, have been, by verbal arrangement with the late Charles Comly, in possession of a part of the premises in question; and that Rogers, in order to get the property back in his own name, by fraud, neglected to pay the interest due to Mrs. Wilson on the mortgage assigned to her, and thereby obtained repossession of the property at a small figure."

The learned vice-chancellor overruled the offer to make this proof by the defendants on the ground that their failure, as well as the failure of their ancestor, Charles H. Comly, to answer in the suit brought by Annie Wilson for the foreclosure of her mortgage, operated as a bar to the claim made by them in the present litigation, and advised a decree in favor of the complainant for the principal and interest due on his mortgage.

We do not consider it necessary, for the determination of this appeal, either to concur in or dissent from the view which led the learned vice-chancellor to advise the decree now under review. It may be doubted whether the failure of the appellants, and of their ancestor, to set up in the Wilson foreclosure suit the matters now brought forward by them, is a bar to any relief in the present suit, for Mrs. Wilson had no concern with the matters now presented. Her mortgage was a valid lien upon the premises, and she was entitled to a decree foreclosing the interest of all of the defendants, without regard to the alleged rights or liabilities which it is now claimed existed between them and the present complainant. Being matters in which she was in no way interested, they constituted no defence to her suit, and this being so it is not easy for us to see upon what theory the failure of the appellants to litigate in the earlier suit the matters specified in their cross-bill (even if it was permissible for them to do so) bars them from setting them up in

*4 Buch.*                    Rogers *v.* Colebaugh.

the present suit as a ground of relief against the complainant. The decree *pro confesso* merely extinguished the rights which the defendant had in the mortgaged premises as against Annie Wilson.

But we think that the decree was manifestly justified on the facts of the case. The proof offered by the appellants failed entirely to sustain the allegations of their cross-bill. Proof that prior to, and subsequent to, the date of the agreement of 1896, Charles H. Comly made large payments to the complainants on account of the purchase price of the mortgaged premises, was immaterial, unless it was also shown that the moneys so paid were not due as a part of the purchase price for the reconveyance of the property by the complainant to Charles H. Comly on May 31st, 1900. So, too, proof that Rogers neglected to pay to Mrs. Wilson the interest on her mortgage as it accrued was entirely immaterial, in the absence of evidence tending to show that the obligation to do so rested upon him, and no such evidence was offered to be submitted. The facts offered to be proved afforded no ground of support for the contention of fraud on the part of the complainant, or for the conclusion that he was not entitled to the full amount of the mortgage made to him by Miss Colebaugh.

The decree appealed from will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL—16.

*For reversal*—None.